Aron Steuer, J.
The facts on this application are: The
premises in question were classified for business use by the Department of Buildings since 1932. They have been used since that time both for business and residential purposes. The present tenant rented the premises on January 1, Í955. He answered an advertisement for the rental of the premises for commercial use only. Admittedly and as respondent Rent Commissioner has found he stated that he was going to use the premises for a watch repair business and he moved in the tools of his trade. Admittedly he also lied in this respect and intended to use the premises for a residence. The respondent has found that he did so because he could not find other accommodations. He has now made an application to have the premises subject to control and the rent fixed. Respondent granted his application.
This is another instance where evidentiary provisions are allowed to become substantive and controlling. Respondent’s rules provide that where a landlord knows that premises are being used for residential purposes the premises become subject to control. The purpose of the rule is manifest. Many leases were made and doubtless still are where the premises are described as being leased for business purposes so that the rent regulations could be avoided. The tenant’s participation in the deception was not penalized because he acted of necessity. So the rule was promulgated.
*277 That is not the situation here as the respondent has found. A fraud was perpetrated on the landlord and it is now proposed to allow the tenant to benefit by that fraud. A rule designed to prevent a joint fraud of the landlord and tenant now becomes not only a shield but a sword for the one who practised the fraud. It is not believed that that is the purpose of the regulation. Motion granted.